Dear Mr. Bradford:
This is in response to your opinion request asking the following question:
 "Does the North Kansas City Memorial Hospital (NKCMH) have the legal authority under Section 96.150 et seq. R.S.Mo. to exclude sick pay from wages pursuant to Title 2, Section 209 (b) (42 U.S.C. § 418) of the Social Security Act? If explicit legal authority does not exist under Section 96.150
et seq. R.S.Mo., is the NKCMH prohibited from excluding sick pay benefits under Section 209 (b)?"
You have informed this office that the Social Security Administration requires that public employers demonstrate legal authority for excluding sick pay from wages pursuant to Title 2, Section 209 (b) of the Social Security Act. In other words, the Social Security Administration requires that the public entity establish that statutory authority exists to make payments on account of sickness or accident disability as distinguished from a continuation of salary payments during the period of absence due to illness or disability.
The Office of Administration is responsible for social security reporting under the federal/state agreement effective January 1, 1951. This agreement extended social security coverage to employees of the state of Missouri and its political subdivisions under Section 218 of the Social Security Act. See Sections 105.300 through 105.440, RSMo.
The North Kansas City Memorial Hospital was created under and operates pursuant to Sections 96.150, et seq., RSMo. A board of trustees appointed pursuant to Sections 96.160 and 96.170 manages and governs the affairs of the hospital.
Section 96.180 reads as follows:
 "The members of the board shall meet in the office of the city council, within ten days after their appointments have been confirmed, and organize by electing one of their members president, and one secretary and by the election of such other officers as they may deem necessary. They shall make and adopt such bylaws, rules and regulations for the management of such facility and the admission and discharge of patients as they shall deem expedient." (Emphasis added)
Section 96.190 provides as follows:
 "The board shall control the expenditures of all moneys collected to the credit of the fund established for such facility and the construction, leasing, equipping, operating and maintaining of the facility and the grounds and other property real and personal belonging to the facility; provided, all moneys from taxes, donations and from any other source shall be deposited in the city treasury to the credit of that facility's fund, and drawn upon by the vouchers of the proper officers of such board. The board shall also employ such help, professional and otherwise, as may be necessary to carry out the spirit and intent of sections 96.150 to 96.220, and all such assistants and employees shall serve at the pleasure of the board."
The purpose of our inquiry is to ascertain the legislative intent in light of the plain language contained in these sections. The sections must be read in pari materia when considering their effect.
It is our view in light of the provisions quoted above that the board of trustees has authority and complete responsibility for the management and operation of the hospital and for expenditures of all moneys collected to the credit of the fund established for the hospital. This responsibility includes the employment of help, professional and otherwise, as is necessary to carry out the duties of the board and such assistants and employees serve at the pleasure of the board and extends to fixing conditions of employment and fringe benefits.
Thus, it is our view that the North Kansas City Memorial Hospital through its board of trustees has legal authority to formulate a sick leave plan wherein payment is made on account of sickness. Such a personnel policy is within the authority of the hospital.
Very truly yours,
 JOHN ASHCROFT Attorney General